UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNE PEARSON,

    Plaintiff,

CASE NO:

vs.

SAS HOSPITALITY, INC,

    Defendant.

_____/

# COMPLAINT

Plaintiff, Joanne Pearson ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues SAS Hospitality, Inc., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Michigan pursuant to

28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Michigan.

3. Plaintiff, Joanne Pearson (hereinafter referred to as "Pearson") is a resident of Huntsville, Alabama and is a qualified individual with a disability under the ADA. Pearson is from Roseville, Michigan and returns multiple times each year to visit friends and family. Pearson suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from lupus, has severe nerve damage and requires a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action on or about June 26, 2015, Pearson visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property due to the lack of compliance with the ADA. Pearson continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, SAS Hospitality, Inc. is a corporation registered to do business and, in fact, conducting business in the State of Michigan. Upon information and belief, SAS Hospitality, Inc. (hereinafter referred to as "SAS") is the owner, lessee and/or operator of the real property and an improvement that is the subject of this

action, specifically the Days Inn Hotel located at 31327 Gratiot in Roseville, Michigan (hereinafter referred to as the "Hotel").

5. All events giving rise to this lawsuit occurred in the Eastern District of Michigan.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Hotel owned by SAS is a place of public accommodation in that is it a hotel operated by private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Hotel in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Hotel owned by SAS. Prior to the

3

filing of this lawsuit, Plaintiff visited the Hotel at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 13, below that she personally encountered.

10. In fact, Plaintiff became trapped in the courtyard due to a change in level that is not ramped as required by the ADA. The Hotel's bartender on duty and 4 movers in the Hotel's bar obtained a ramp from their moving truck and assisted Plaintiff out of the courtyard.

11. Plaintiff continues to desire and intends to visit the Hotel, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Hotel in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

12. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

13. SAS is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following

specific violations:

(i) Accessible parking is not located on the shortest accessible route to the main entrance;

(ii) Accessible parking spaces near guest rooms lack raised signs;

(iii) Accessible parking spaces near guest rooms lack adjacent access aisles necessary for a wheelchair user to exit or enter a vehicle without being blocked by adjacent vehicles;

(iv) There is no accessible entrance between the hotel and restaurant requiring wheelchair users to circumnavigate the entire property to enter the restaurant from outside;

(v) There are changes in level within the hotel rendering some areas inaccessible to wheelchair user, such as the courtyard where Plaintiff became trapped;

(vi) The front desk is out of reach for a wheelchair user;

(vii) Rooms that have 2 beds lack sufficient clear floor space for wheelchair users to access the beds;

(viii) Showers have no adjustable shower heads and are out of reach for wheelchair users;

(ix) Rooms with a tub do not have fixed benches necessary for wheelchair users;

(x) Roll-in showers have controls mounted out of reach of the bench;

(xi) The guest room peap hole and guest room instructions are mounted too high on the entry door for a wheelchair user;

(xii) There are an insufficient number of accessible guest rooms and accessible great rooms with roll in showers;

(xiii) The exterior restaurant entrance is locked during normal

        business hours and it has an abrupt change in level to enter;

(xiv)    The courtyard is not accessible due to changes in level;

14.    There are other current barriers to access and violations of the ADA at the Hotel owned and operated by SAS that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiffs or Plaintiffs' representatives can all said violations be identified.

15.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, SAS was required to make its Hotel, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, SAS has failed to comply with this mandate.

17.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by SAS pursuant to 42 U.S.C. §12205.

18.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make

them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against SAS and request the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 6th day of October 2015.

                      Respectfully submitted,

                      By:   /s/ Edward I. Zwilling
                           Edward I. Zwilling, Esq.

                Bar No.: ASB-1564-L54E
                Schwartz Roller & Zwilling
                600 Vestavia Parkway, Suite 251
                Birmingham, Michigan  35216
                Telephone:   (205) 822-2701
                Facsimile:    (205) 822-2702
                Email: ezwilling@szalaw.com

By:   /s/ Steven M. Hyder
                Steven M. Hyder (P69875)
                The Hyder Law Firm
                824 S. Monroe Street
                Monroe, MI 48161
                Telephone:   (734)241-6611
                Email: hyders@hyderlawfirm.net